# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-109V
Filed: June 29, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ALEXYS HEBERT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*John Jefcoat, Esq.*, Galloway Jefcoat LLP, Lafayette, LA, for petitioner.
*Gabrielle Fielding, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On February 7, 2014, Alexys Hebert ("Ms. Hebert," or "petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed acute transverse myelitis ("ATM") after receiving an influenza ("flu") vaccination on January 13, 2011. Petition ("Pet."), ECF No. 1. On January 13, 2021, the undersigned issued a Decision on Joint Stipulation. ECF No. 60.

Petitioner filed an application for final attorneys' fees and costs on September 14, 2021, which was stricken, and a revised Motion was filed on October 15, 2021 after an Order issued for additional information and corrections to the filing. ECF Nos. 65-66; ECF No. 67 ("Fees App."). Petitioner requests attorneys' fees in the amount of $40,004.80 and attorneys' costs in the amount

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

of $22,127.77 for a total amount of $62,132.57. Fees App. at 1-6. In accordance with General Order No. 9, petitioner has indicated she has not personally incurred any costs in pursuit of this litigation. ECF No. 68. Respondent responded to the Motion on October 29, 2021, stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 69. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.    Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human*

2

*Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests compensation for her attorney, John Jefcoat, at a rate of $300 per hour for work performed from 2012-2016, and at a rate of $450 per hour for work performed from 2017-2021. Fees App. at 3. Mr. Jefcoat's affidavit states that he is "licensed to practice law in the State of Louisiana and [has] been so licensed since 1996." Fees App. Ex. B at 2. This places him in the range of attorneys with 11-19 years' experience for his work from 2012-2015, and the range of attorneys with 20-30 years' experience for his work from 2016-2021.

Under the Court's fee schedule, an attorney in the 11-19 years' experience range is entitled to hourly rates between $300-$375 for work performed in 2014 and 2015. Accordingly, Mr. Jefcoat's requested rate for work performed in 2012-2015 is reasonable.

For the remaining years, an attorney in the 20-30 years' experience range is entitled to hourly rates between $350-$415 for 2016; $358-$424 for 2017; $370-$439 for 2018; $378-$448 for 2019; $394-$467 for 2020; and $414-$491 for 2021. Given Mr. Jefcoat's inexperience in the Vaccine Program, a reduction of his requested rates is deemed appropriate. *See McCulloch*, 2015 WL 5634323 at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). This is Mr. Jefcoat's first case in the Vaccine Program. His requested rate falls outside the correct experience ranges for the years 2016-2019, and although the rate is within the ranges for 2020 and 2021, it is at the high end of the ranges. Mr. Jefcoat lacks the experience in the Vaccine Program to support the requested rate. Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Jefcoat's requested hourly rates are reduced to the following:

$350 for work performed in 2016,

$360 for work performed in 2017,

$370 for work performed in 2018,

$380 for work performed in 2019,

$395 for work performed in 2020, and

---

[3] The 2015-2022 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

3

$415 for work performed in 2021.

Therefore, the overall request for attorneys' fees in the amount of $40,004.80 is reduced by **$3,134.50.**[4] Petitioner is awarded attorneys' fees in the amount of $36,870.30.

### B.     Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded final attorneys' fees of **$36,870.30**.

### C.     Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health and Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total costs of $22,127.77, in costs for acquiring medical records, postage, the Court's filing fee, office expenses, and the work of a life care planner. Petitioner has provided adequate

---

[4] This amount consists of ($450 - $350 = $100 x 3.6 hrs = $360) + ($450 - $360 = $90 x 11.5 hrs = $1,035) + ($450-$370 = $80 x 2.3 hrs = $184) + ($450 - $380 = $70 x 12.6 hrs = $882) + ($450 - $395 = $55 x 10.4 hrs = $572) + ($450 - $415 = $35 x 2.9 hrs = $101.50) = $3,134.50.

documentation of these expenses, and all appear to be reasonable in the undersigned's experience. Accordingly, petitioner is entitled to final attorney's costs of $22,127.77.

### III. Conclusion

Based on the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED, in part.** The undersigned hereby awards a **lump sum of $58,998.07, representing reimbursement for petitioner's attorneys' fees and costs** ($36,870.30 in attorneys' fees and $22,127.77 in costs)**, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. John Jefcoat, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.